UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRECISION PLANTING, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1-25-cv-3117 |
| v. | ) | |
| | ) | **Jury Trial Demanded** |
| KABAT AMERICAN, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Precision Planting, LLC ("Precision Planting"), for its Complaint against Defendant, Kabat American, Inc. ("Kabat American"), states and alleges as follows:

### NATURE OF THE ACTION

1.     This is an action arising under Title 35 of the United States Code for direct and indirect infringement of U.S. Patent No. 9,144,189 ("the '189 Patent"), U.S. Patent No. 9,746,007 ("the '007 Patent"), U.S. Patent No. 9,879,702 ("the '702 Patent"), and U.S. Patent No. 10,359,062 ("the '062 Patent") (collectively "the Hydraulic Cylinder Patents"); U.S. Patent No. 7,631,606 ("the '606 Patent or the Seed Meter Patent"); U.S. Patent No. 7,162,963 ("the '963 Patent") and U.S. Patent No. 7,798,080 ("the '080 Patent") (together "the Singulation Brush Patents"); and U.S. Patent No. 8,550,020 ("the '020 Patent") and U.S. Patent No. 9,301,438 ("the '438 Patent") (together "the Pressure Control Patents"). Precision Planting is the owner by assignment of the patents-in-suit, including the right to assert all causes of action arising under the patents-in-suit and the right to any remedies for their infringement.

1

2.     Kabat American has sold, offered to sell, and, on information and belief, made, used, and/or imported hydraulic cylinders (Hydraulic Cylinder #WMCT32X89), solenoid valves and coil sets (Solenoid Valve Set #P729600), seed meters (product numbers P343022, P343025, and P343030), singulation brushes (included with product numbers P343022, P343025, and P343030), and pneumatic cylinders (Air Cylinder #ACY2X2) (together "the Accused Products") that infringe one or more claims in the patents-in-suit.

3.     Kabat American, on information and belief, has also induced infringement of the patents-in-suit by others by selling the Accused Products, the use of which by others infringes one or more claims in each of the patents-in-suit.

4.     Additionally, Kabat American, on information and belief, has contributed to the infringement of the patents-in-suit by selling, offering to sell, and/or importing the Accused Products that infringe one or more claims in each of the patents-in-suit.

**PARTIES, JURISDICTION, AND VENUE**

5.     Precision Planting is a Delaware limited-liability company with a principal place of business at 23207 Townline Road, Trenton, IL 61568.

6.     On information and belief, Kabat American is an Illinois corporation with a principal place of business at 410 38th Avenue, Saint Charles, Illinois 60174.

7.     This Court has subject-matter jurisdiction over this action for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     This Court has personal jurisdiction over Kabat American because Kabat American is incorporated in Illinois, maintains a principal place of business in this District

2

and, on information and belief, has made, used, sold, and/or offered to sell infringing instrumentalities and/or sold, offered to sell, and/or imported components of infringing instrumentalities in this District.

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

ALLEGATIONS COMMON TO ALL COUNTS

**A.     Precision Planting and the Patents-in-Suit**

10.     Precision Planting was founded in 1993 in central Illinois and is a leading provider of agriculture technologies for farmers with a focus on creating solutions for current agronomic issues. Precision Planting products upgrade a farmer's existing planter, air seeder, drill, sprayer, liquid fertilizer applicator, dry fertilizer applicator, and combine to maximize the performance of their equipment.

11.     Precision Planting is the assignee and owner of all rights, title and interest in and to the patents-in-suit, including the right to assert all causes of action arising under the patents-in-suit and the right to any remedies for their infringement. True copies of the patents-in-suit are attached as Exhibits A through I.

**B.     Actual Notice of Infringement and Admission of Infringement**

12.     At least as early as February 21, 2024, Precision Planting gave actual notice of infringement to Kabat American when attorneys for Precision Planting sent a letter informing Kabat American of the infringing nature of the Accused Products in an effort to reach a resolution.

13.    In an email dated March 7, 2024 and attached as Exhibit J, Kabat American admitted that its seed meters and singulation brushes infringed the Seed Meter Patent and the Singulation Brush Patents.

14.    However, in an email dated March 19, 2024 attached as Exhibit K, Kabat American refused to discontinue sales of its hydraulic cylinders, solenoids, and pneumatic cylinders.

<u>**THE ASSERTED PATENTS**</u>

**A.    The Hydraulic Cylinder Patents**

15.    The claims of the Hydraulic Cylinder Patents are directed to downforce control systems and downforce controllers.

16.    Claim 22 of the '189 Patent recites:

    A downforce controller for a planter row unit, comprising:

    a hydraulic actuator configured to apply a force to the planter row unit; and

    a manifold mounted to said hydraulic actuator;

    a pressure control valve in fluid communication with said manifold, wherein said pressure control valve is supported by the planter row unit.

17.    Claim 1 of the '007 Patent recites:

    A downforce control system for an agricultural implement, comprising:

    a first downforce controller including a first pressure control housed in a first manifold, said first manifold coupled to a first actuator having a first chamber and a second chamber, said first pressure control valve in fluid communication with said first chamber;

4

a second downforce controller including a second pressure control valve housed in a second manifold, said second manifold coupled to a second actuator having a third chamber and a fourth chamber, said second pressure control valve in fluid communication with said third chamber; and

an inter-row supply hose extending between said first downforce controller and said second downforce controller.

18. Claim 1 of the '702 Patent recites:

A downforce controller for an agricultural implement, comprising:

a double-acting hydraulic cylinder including a first chamber and a second chamber, said cylinder configured to be coupled to an agricultural row unit and an agricultural toolbar for transmitting a net downforce between said agricultural toolbar and said agricultural row unit, a first pressure in said first chamber and a second pressure in said second chamber having counteracting effects on said net downforce;

a manifold coupled to said cylinder, said manifold being in fluid communication with said first chamber; and

a pressure control valve supported by said manifold, said pressure control valve being in fluid communication with said manifold and with said first chamber;

wherein said pressure control valve comprises a supply port, a return port, and a control port, and wherein said pressure control valve is configured to establish a desired pressure at said control port; and

wherein said pressure control valve is supported by said manifold.

19.     Claim 1 of the '062 Patent recites:

A downforce and upforce control system for an agricultural implement comprising:

a first downforce controller including a first down pressure control valve housed in a first downforce manifold, said first manifold coupled to a first actuator having a first chamber and a second chamber, said first down pressure control valve in fluid communication with said first chamber; and

a first upforce controller including a first up pressure control valve housed in a first upforce manifold, said first up pressure control valve in fluid communication with said second chamber.

**B.      The Seed Meter Patent**

20.     The claims of the Seed Meter Patent are directed to a seed belt for an agricultural planter.

21.     Claim 7 of the Seed Meter Patent recites:

A seed belt for conveying seeds, the seed belt comprising:

a continuous belt disposed to receive seeds from a seed singulator of an agricultural planter and for conveying said received seeds in a direction toward, an open end of a seed tube; and

a plurality of flights extending from said continuous belt, each of said plurality of flights having a substantially concave portion at a distal end thereof for supporting said received seeds, each of said flights further having an angled portion oriented at a downward angle from a proximal end thereof, thus urging said received seeds toward said distal concave portion prior to said received seeds being released into said open end of said seed tube

C.      **The Singulation Brush Patents**

22.     The claims of the Singulation Brush Patents are directed to methods of seed

singulation and seed meter-singulation brush assemblies.

23.     Claim 1 of the '963 Patent recites:

> A method to improve seed singulation of a finger-type seed
> meter, wherein the finger-type seed meter includes a housing
> and a plurality of spring-biased fingers rotatably disposed in
> said housing for selecting seeds from a seed reservoir and
> sequentially discharging said selected seeds through a seed
> discharge opening in said housing at spaced intervals, said
> method comprising:
>
> disposing a selectively adjustable moveable brush along a path
>       of travel of said rotating spring-biased fingers between said
>       seed reservoir and said seed discharge opening;
>
> selectively moving said selectively adjustable moveable brush
>       with respect to said path of travel of said rotating spring-
>       biased fingers such that the selected seeds meet with said
>       preselected brush position to affect removal of extra seeds
>       from the spring-biased fingers so singular seeds are
>       sequentially discharged through said seed discharge
>       opening.

24.     Claim 1 of the '080 Patent recites:

> In combination, a seed meter and an adjustable singulating
> brush assembly cooperating therewith, the brush assembly,
> comprising:
>
> a carrier removably mounted to a housing of a seed selection
>       mechanism of the seed meter, said seed selection
>       mechanism rotating along a path of travel and selecting and
>       sequentially discharging seeds at regular spaced intervals
>       during planting operations;
>
> a brush having bristles extending from a block, said brush
>       block selectively adjustably pivotable with respect to said
>       path of travel of said seed selection mechanism, whereby
>       said bristles cooperate with said seed selection mechanism

to affect removal of extra seeds from said seed selection mechanism.

**D.    The Pressure Control Patents**

25.    The claims of the Pressure Control Patents are directed to variable pressure control systems and downforce control systems.

26.    Claim 1 of the '020 Patent recites:

A variable pressure control system, comprising:

a pressure source;

at least one dual acting actuator;

a controller, comprising:

> a first regulator having an inlet and an outlet, said inlet in fluid communication with said pressure source, said outlet in fluid communication with a first side of said at least one dual acting actuator, said first regulator capable of selectively varying pressure at said outlet of said first regulator within a first pressure range;

> a second regulator having an inlet and an outlet, said inlet in fluid communication with said pressure source, said outlet in fluid communication with a second side of said at least one dual acting actuator, said second regulator capable of selectively varying pressure at said outlet of said second regulator within a second pressure range;

> wherein said controller includes a user interface having a range of motion to allow a user to select a desired pressure within said respective first and second pressure ranges at said first and second regulator outlets; and

> wherein said controller further includes a biasing mechanism operably coupling said user interface with said first and second regulators, whereby movement of said user interface within said first pressure range biases said first pressure regulator to maintain a corresponding pressure at said first regulator outlet, and whereby

8

movement of said user interface within said second pressure range biases said second pressure regulator to maintain a corresponding pressure at said second regulator outlet.

27.     Claim 1 of the '438 Patent recites:

An agricultural implement downforce control system, comprising:

a ground engaging element imposing a downforce on a soil surface;

a dual acting actuator operably coupled to said ground engaging element, said dual acting actuator having a down chamber whereby increased pressure in said down chamber increases said downforce, said dual acting actuator having a lift chamber whereby increased pressure in said lift chamber decreases said downforce;

a pressure source; and

a controller in fluid communication with said pressure source, with said lift chamber and said down chamber, said controller configured to selectively maintain a lift pressure in said lift chamber, wherein said controller comprises a pressure regulating valve that selectively maintains a down pressure in said down chamber at any of a continuous range of pressures.

## THE ACCUSED INSTRUMENTALITIES

**A.     The Hydraulic Cylinder and Solenoid Valve Set Products**

28.     Kabat American makes, uses, sells, offers to sell, and/or imports a product called "Hydraulic Cylinder #WMCT32X89, down force" ("the Hydraulic Cylinder Product"). Under the description of the Hydraulic Cylinder Product, Kabat American's website states: "Hydraulic Cylinder, for planter down force, bore size 32mm (1.26"), stroke size 89mm (3-1/2"). Welded with manifold and cross tube mounts. Replaces Precision

Planting "DeltaForce" cylinder #729602." Kabat American makes, uses, sells, offers to sell, and/or imports a product called "Solenoid Valve Set #P729600, for automation of down force" ("the Solenoid Product"). Under the description of the Solenoid Product, Kabat American's website states: "Solenoid Valve and coil set, works on Down Force Hydraulic Cylinder #VMCT32X89. Replaces Precision Planting #729606 (coil) & 729609 (valve)." Attached as Exhibit L is listing of Precision Planting parts that Defendant has or had available for sale.

**B.     The Seed Meter Products**

29.     Kabat American made, used, sold, offered to sell, and/or imported products that are identified with product numbers P343022, P343025, and P343030 ("the Seed Meter Products"). The Seed Meter Products each include a delivery belt for a finger meter. The belt is used to deliver seeds from a singulator to a seed tube and has a plurality of flights with a concave portion and a portion that urges seeds towards the concave portion. This belt is specifically adapted for use in a seed meter and is not a staple item of commerce suitable for other uses. Attached as Exhibit M is a picture of the parts of the Seed Meter Products.

**C.     The Singulation Brushes**

30.     The Seed Meter Products each contain a singulating brush that is pivotally adjustable along the path of the seed selector. This brush is specifically adapted for use in a seed meter and is not a staple item of commerce suitable for other uses.

10

D.      **The Air Cylinder Product**

31.     Kabat American makes, uses, sells, offers to sell, and/or imports a product called "Air Cylinder #ACY2X2" ("the Air Cylinder Product"). Kabat American's website describes this product as "Air Cylinder, used on row cleaning/sweeping system. Replaces Precision Planting "CleanSweep" #755203." The cylinder is not just a dual acting air cylinder; it contains elements for adapting it to fit a row cleaner.

### COUNT I – INFRINGEMENT OF THE HYDRAULIC CYLINDER PATENTS

32.     Precision Planting incorporates by reference paragraphs 1–31, above, as though fully set forth herein.

33.     On information and belief, Kabat American has directly infringed and continues to directly infringe at least claim 22 of the '189 Patent and claim 1 of the '702 Patent by, among other things, using, selling, and offering to sell the Hydraulic Cylinder Product and the Solenoid Product.

34.     Kabat American is therefore liable for direct infringement of the '189 Patent and the '702 Patent pursuant to 35 U.S.C. § 271(a).

35.     On information and belief, Kabat American has induced infringement and continues to induce infringement of at least claim 22 of the '189 Patent, claim 1 of the '007 Patent, claim 1 of the '702 Patent, and claim 1 of the '062 Patent by, among other things, using, selling, and offering to sell the Hydraulic Cylinder Product and the Solenoid Product for infringing use by others. Kabat American's website states: "Hydraulic Cylinder, for planter down force… Replaces Precision Planting "DeltaForce" cylinder #729602." Kabat American's website also states: "Solenoid Valve and coil set, works on Down Force

11

Hydraulic Cylinder #VMCT32X89. Replaces Precision Planting #729606 (coil) & 729609 (valve)." Kabat American had actual knowledge of the patents and its infringement by at least as early as receipt of the infringement notice letter sent February 21, 2024. On information and belief, Kabat American intended to cause infringement of the Cylinder Patents by continuing to sell the Hydraulic Cylinder Product and the Solenoid Product. These products are especially designed to fit into Precision's patented DeltaForce systems and are not staple items of commerce. For example, in addition to a cylinder, the Hydraulic Cylinder Product has a manifold including a supply passage, a return passage, and a lift control passage all built in. Furthermore, these products are sized to work together and fit on a planter row unit. They are specially tailored for use in Precision Planting patented inventions and are not general-purpose cylinders or solenoids or staple items of commerce suitable for other uses.

36. Kabat American is therefore liable for inducement of infringement of the Hydraulic Cylinder Patents under 35 U.S.C. § 271(b).

37. On information and belief, Kabat American has contributed to infringement and continues to contribute to infringement of at least claim 22 of the '189 Patent, claim 1 of the '007 Patent, claim 1 of the '702 Patent, and claim 1 of the '062 Patent by, among other things, using, selling, and offering to sell the Hydraulic Cylinder Product and the Solenoid Product for infringing use by others. Kabat American's website states: "Hydraulic Cylinder, for planter down force… Replaces Precision Planting "DeltaForce" cylinder #729602." Kabat American's website also states: "Solenoid Valve and coil set, works on Down Force Hydraulic Cylinder #VMCT32X89. Replaces Precision Planting #729606

(coil) & 729609 (valve)." Kabat American had actual knowledge of the patents and its infringement by at least as early as receipt of the infringement notice letter sent February 21, 2024. On information and belief, Kabat American intended to cause infringement of the Cylinder Patents by continuing to sell the Hydraulic Cylinder Product and the Solenoid Product. These products are especially designed to fit into Precision's patented DeltaForce systems and are not staple items of commerce. For example, in addition to a cylinder, the Hydraulic Cylinder Product has a manifold including a supply passage, a return passage, and a lift control passage all built in. Furthermore, these products are sized to work together and fit on a planter row unit. They are specially tailored for use in Precision Planting patented inventions and are not general-purpose cylinders or solenoids or staple items of commerce suitable for other uses.

38. Kabat American is therefore liable for contributory of infringement of the Hydraulic Cylinder Patents under 35 U.S.C. § 271(c).

39. As a direct and proximate consequence of Kabat American's infringement, Precision Planting has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, including lost profits, but in no event less than a reasonable royalty.

40. Kabat American's infringement is further causing and will continue to cause Precision Planting irreparable harm, for which there is no adequate remedy at law. Unless and until enjoined by this Court, Kabat American will continue to infringe the Hydraulic

Cylinder Patents. Under 35 U.S.C. § 283, Precision Planting is entitled to an injunction against further infringement.

41.　　Additionally, Kabat American has received notice and, upon information and belief, knows and has known that its Hydraulic Cylinder Product and Solenoid Product infringe the Hydraulic Cylinder Patents.

42.　　On information and belief, Kabat American has made no attempt to design around the Hydraulic Cylinder Patents. Kabat American's infringement was undertaken willfully and without permission or license to use the Hydraulic Cylinder Patents.

43.　　On information and belief, Kabat American's infringement of the Hydraulic Cylinder Patents has been willful. Precision Planting has been damaged as the result of Kabat American's willful infringement and seeks increased damages, up to and including treble damages.

44.　　Precision Planting is entitled to and claims all damages allowable by law, including injunctive relief, adequate compensation for the infringement, costs, interest, attorney fees, and for the sales of infringing Hydraulic Cylinder Product and the Solenoid Product as well as the sales of accessory/ancillary products.

45.　　Precision Planting further seeks a declaration that it is entitled to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284.

## COUNT II – INFRINGEMENT OF THE SEED METER PATENT

46.　　Precision Planting incorporates by reference paragraphs 1–45, above, as though fully set forth herein.

47.     On information and belief, Kabat American has directly infringed at least claim 1 of the '606 Patent by, among other things, having used, sold, and offered to sell the Seed Meter Products. The Seed Meter Products include a delivery belt for a finger meter. The belt is used to deliver seeds from a singulator to a seed tube and has a plurality of flights with a concave portion and a portion that urges seeds towards the concave portion.

48.     Kabat American is therefore liable for direct infringement of the '606 Patent pursuant to 35 U.S.C. § 271(a).

49.     On information and belief, Kabat American has induced infringement of at least claim 1 of the '606 Patent by, among other things, having used, sold, and offered to sell the Seed Meter Products for infringing use by others. The Seed Meter Products include a delivery belt for a finger meter. The belt is used to deliver seeds from a singulator to a seed tube and has a plurality of flights with a concave portion and a portion that urges seeds towards the concave portion. This belt is specifically adapted for use in a seed meter and is not a staple item of commerce suitable for other uses. Kabat American had actual knowledge of the patents and its infringement by at least as early as receipt of the infringement notice letter sent February 21, 2024. On information and belief, Kabat American intended to cause infringement of the Seed Meter Patent by continuing to sell the Seed Meter Products.

50.     Kabat American is therefore liable for inducement of infringement of the '606 Patent under 35 U.S.C. § 271(b).

51.     On information and belief, Kabat American has contributed to infringement of at least claim 1 of the '606 Patent by, among other things, having used, sold, and offered

15

to sell the Seed Meter Products for infringing use by others. The Seed Meter Products include a delivery belt for a finger meter. The belt is used to deliver seeds from a singulator to a seed tube and has a plurality of flights with a concave portion and a portion that urges seeds towards the concave portion. This belt is specifically adapted for use in a seed meter and is not a staple item of commerce suitable for other uses. Kabat American had actual knowledge of the patents and its infringement by at least as early as receipt of the infringement notice letter sent February 21, 2024. On information and belief, Kabat American intended to cause infringement of the Seed Meter Patent by continuing to sell the Seed Meter Products.

52. Kabat American is therefore liable for contributory infringement of the '606 Patent under 35 U.S.C. § 271(c).

53. As a direct and proximate consequence of Kabat American's infringement, Precision Planting has been injured in its business and property rights, and has suffered injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, including lost profits, but in no event less than a reasonable royalty.

54. Additionally, Kabat American has received notice and, upon information and belief, knows and has known that its Seed Meter Products infringe the '606 Patent.

55. On information and belief, Kabat American has made no attempt to design around the '606 Patent. Kabat American's infringement was undertaken willfully and without permission or license to use the '606 Patent.

56.     On information and belief, Kabat American's infringement of the '606 Patent has been willful. Precision Planting has been damaged as the result of Kabat American's willful infringement and seeks increased damages, up to and including treble damages.

57.     Precision Planting is entitled to and claims all damages allowable by law, including injunctive relief, adequate compensation for the infringement, costs, interest, attorney fees, and for the sales of infringing Seed Meter Products as well as the sales of accessory/ancillary products.

58.     Precision Planting further seeks a declaration that it is entitled to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284.

### COUNT III – INFRINGEMENT OF THE SINGULATION BRUSH PATENTS

59.     Precision Planting incorporates by reference paragraphs 1–58, above, as though fully set forth herein.

60.     On information and belief, Kabat American has directly infringed at least claim 1 of the '080 Patent by, among other things, having used, sold, and offered to sell the Seed Meter Products.

61.     Kabat American is therefore liable for direct infringement of the '080 Patent pursuant to 35 U.S.C. § 271(a).

62.     On information and belief, Kabat American has induced infringement of at least claim 1 of the '080 Patent and claim 1 of the '963 Patent by, among other things, having used, sold, and offered to sell the Seed Meter Products for infringing use by others. The Seed Meter Products each contain a singulating brush that is pivotally adjustable along the path of the seed selector. This brush is specifically adapted for use in a seed meter and

17

is not a staple item of commerce suitable for other uses. Kabat American had actual knowledge of the patents and its infringement by at least as early as receipt of the infringement notice letter sent February 21, 2024. On information and belief, Kabat American intended to cause infringement of the Singulation Brush Patents by continuing to sell the Seed Meter Products.

63.     Kabat American is therefore liable for inducement of infringement of the Singulation Brush Patents under 35 U.S.C. § 271(b).

64.     On information and belief, Kabat American has contributed to infringement of at least claim 1 of the '080 Patent and claim 1 of the '963 Patent by, among other things, having used, sold, and offered to sell the Seed Meter Products for infringing use by others. The Seed Meter Products each contain a singulating brush that is pivotally adjustable along the path of the seed selector. This brush is specifically adapted for use in a seed meter and is not a staple item of commerce suitable for other uses. Kabat American had actual knowledge of the patents and its infringement by at least as early as receipt of the infringement notice letter sent February 21, 2024. On information and belief, Kabat American intended to cause infringement of the Singulation Brush Patents by continuing to sell the Seed Meter Products.

65.     Kabat American is therefore liable for contributory infringement of the Hydraulic Cylinder Patents under 35 U.S.C. § 271(c).

66.     As a direct and proximate consequence of Kabat American's infringement, Precision Planting has been injured in its business and property rights, and has suffered injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to

compensate for such infringement, including lost profits, but in no event less than a reasonable royalty.

67. Additionally, Kabat American has received notice and, upon information and belief, knows and has known that its Seed Meter Products infringe the Singulation Brush Patents.

68. On information and belief, Kabat American has made no attempt to design around the Singulation Brush Patents. Kabat American's infringement was undertaken willfully and without permission or license to use the Singulation Brush Patents.

69. On information and belief, Kabat American's infringement of the Singulation Brush Patents has been willful. Precision Planting has been damaged as the result of Kabat American's willful infringement and seeks increased damages, up to and including treble damages.

70. Precision Planting is entitled to and claims all damages allowable by law, including injunctive relief, adequate compensation for the infringement, costs, interest, attorney fees, and for the sales of infringing Seed Meter Products as well as the sales of accessory/ancillary products.

71. Precision Planting further seeks a declaration that it is entitled to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284.

## COUNT IV – INFRINGEMENT OF THE PRESSURE CONTROL PATENTS

72. Precision Planting incorporates by reference paragraphs 1–71, above, as though fully set forth herein.

73. On information and belief, Kabat American has induced infringement and continues to induce infringement of at least claim 1 of the '020 Patent and claim 1 of the '438 Patent by, among other things, using, selling, and offering to sell the Air Cylinder Product for infringing use by others. Kabat American's website states: "Air Cylinder, used on row cleaning/sweeping system. Replaces Precision Planting "CleanSweep" #755203." This product is specially designed to fit into Precision Planting's patented design. In particular, it is not a staple item of commerce. The cylinder is not just a dual acting air cylinder; it contains elements for adapting it to fit a row cleaner. Kabat American had actual knowledge of the patents and its infringement by at least as early as receipt of the infringement notice letter sent February 21, 2024. On information and belief, Kabat American intended to cause infringement of the Pressure Control Patents by continuing to sell the Air Cylinder Product.

74. Kabat American is therefore liable for inducement of infringement of the Pressure Control Patents under 35 U.S.C. § 271(b).

75. On information and belief, Kabat American has contributed to infringement and continues to contribute to infringement of at least claim 1 of the '020 Patent and claim 1 of the '438 Patent by, among other things, using, selling, and offering to sell the Air Cylinder Product for infringing use by others. Kabat American's website states: "Air Cylinder, used on row cleaning/sweeping system. Replaces Precision Planting "CleanSweep" #755203." This product is specially designed to fit into Precision Planting's patented design. In particular, it is not a staple item of commerce. The cylinder is not just a dual acting air cylinder; it contains elements for adapting it to fit a row cleaner. Kabat

American had actual knowledge of the patents and its infringement by at least as early as receipt of the infringement notice letter sent February 21, 2024. On information and belief, Kabat American intended to cause infringement of the Pressure Control Patents by continuing to sell the Air Cylinder Product.

76.     Kabat American is therefore liable for contributory infringement of the Pressure Control Patents under 35 U.S.C. § 271(c).

77.     As a direct and proximate consequence of Kabat American's infringement, Precision Planting has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, including lost profits, but in no event less than a reasonable royalty.

78.     Kabat American's infringement is further causing and will continue to cause Precision Planting irreparable harm, for which there is no adequate remedy at law. Unless and until enjoined by this Court, Kabat American will continue to infringe the Pressure Control Patents. Under 35 U.S.C. § 283, Precision Planting is entitled to an injunction against further infringement.

79.     Additionally, Kabat American has received notice and, upon information and belief, knows and has known that its Air Cylinder Product infringes the Pressure Control Patents.

21

80.     On information and belief, Kabat American has made no attempt to design around the Pressure Control Patents. Kabat American's infringement was undertaken willfully and without permission or license to use the Pressure Control Patents.

81.     On information and belief, Kabat American's infringement of the Pressure Control Patents has been willful. Precision Planting has been damaged as the result of Kabat American's willful infringement and seeks increased damages, up to and including treble damages.

82.     Precision Planting is entitled to and claims all damages allowable by law, including injunctive relief, adequate compensation for the infringement, costs, interest, attorney fees, and for the sales of infringing Air Cylinder Product as well as the sales of accessory/ancillary products.

83.     Precision Planting further seeks a declaration that it is entitled to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284.

### PRAYER FOR JUDGMENT AND RELIEF

Based on the foregoing, Precision Planting respectfully requests that the Court grant judgment and relief as follows:

(a)  Judgment in favor of Precision Planting that Kabat American has directly infringed the '189 Patent and the '702 Patent;

(b)  Judgment in favor of Precision Planting that Kabat American has induced infringement of the '189 Patent, the '007 Patent, the '702 Patent, and the '062 Patent;

22

(c)   Judgment in favor of Precision Planting that Kabat American has contributed to the infringement of the '189 Patent, the '007 Patent, the '702 Patent, and the '062 Patent;

(d)   Judgment in favor of Precision Planting that Kabat American has directly infringed the '606 Patent;

(e)   Judgment in favor of Precision Planting that Kabat American has induced infringement of the '606 Patent;

(f)   Judgment in favor of Precision Planting that Kabat American has contributed to the infringement of the '606 Patent;

(g)   Judgment in favor of Precision Planting that Kabat American has directly infringed the '080 Patent;

(h)   Judgment in favor of Precision Planting that Kabat American has induced infringement of the '080 Patent and the '963 Patent;

(i)   Judgment in favor of Precision Planting that Kabat American has contributed to the infringement of the '080 Patent and the '963 Patent;

(j)   Judgment in favor of Precision Planting that Kabat American has induced infringement of the '020 Patent and the '438 Patent;

(k)   Judgment in favor of Precision Planting that Kabat American has contributed to the infringement of the '020 Patent and the '438 Patent;

(l) A preliminary injunction and a permanent injunction enjoining Kabat American, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or privity therewith from directly or indirectly infringing the patents-in-suit pursuant to 35 U.S.C. § 283;

(m) Judgment in favor of Precision Planting for all damages it has suffered as a result of Kabat American's direct and indirect infringement, including lost profits, costs and expenses, together with pre- and post-judgment interest thereon, and all other damages permitted under 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured and costs, and in any event an amount no less than a reasonable royalty;

(n) A determination that this case is exceptional pursuant to 35 U.S.C. § 285;

(o) A judgment and order awarding Precision Planting its attorney fees and costs incurred pursuant to 35 U.S.C. § 285; and

(p) Such other relief as the Court or a jury deems just and proper.

## JURY DEMAND

Precision Planting demands a trial by jury of all matters to which it is entitled to a jury trial under Fed. R. Civ. P. 38.

Dated: March 24, 2025

Respectfully Submitted,

s/ *Peter M. Spingola*

Peter M. Spingola (Atty. I.D. No. 6243942)
**CHAPMAN SPINGOLA, LLP**
190 S. LaSalle St., Suite 3850
Chicago, Illinois 60603
(312) 630-9202
pspingola@chapmanspingola.com
lcross@chapmanspingola.com

Scott R. Brown
(*pro hac vice* application forthcoming)
Chandler E. Schmidt
(*pro hac vice* application forthcoming)
**HOVEY WILLIAMS LLP**
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
(913) 642-9050
(913) 642-9057 - Fax
sbrown@hoveywilliams.com
cschmidt@hoveywilliams.com

*ATTORNEYS FOR PRECISION PLANTING, LLC*